Filed 1/6/23 P. v. Lopez CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079433 |
| v. | (Super.Ct.No. FVI01517) |
| BRIAN LOPEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Miriam Ivy Morton, Judge. Reversed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Heather B. Arambarri and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Brian Lopez appeals the San Bernardino County Superior Court's denial of his petition for resentencing made pursuant to section 1172.6 of the Penal Code.[1] He argues, and the People concede, that the trial court erred when it denied defendant's petition for failure to state a prima facie case. We agree and will reverse with directions to the trial court to issue an order to show cause and hear the matter pursuant to subdivisions (c) and (d) of section 1172.6.

## BACKGROUND

In 1994, Lopez and codefendant Simmons robbed a mini-mart. (*People v. Lopez,* Feb. 16, 1999, E021133 [nonpub. opn.], (Op.).) In the course of the robbery, Simmons shot and killed one of the store's workers. Later the same evening, Lopez and Simmons robbed another mini-mart. Lopez shot an employee in the face, although he denied doing so.

Three years later, a jury convicted defendant of first degree murder (§ 187), attempted murder (§§ 187, 664), and two counts of second degree robbery (§ 211). It also found true allegations that (i) the murder occurred in the commission of a robbery, (ii) defendant personally used a firearm in all four offenses, and (iii) he personally inflicted great bodily injury during the attempted murder.

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

The court sentenced defendant to seven years as well as consecutive terms of life with parole and life without parole. Defendant appealed to this court and we affimed. (*People v. Lopez, supra,* E021133 [nonpub. opn.].)

On January 1, 2019, Senate Bill No. 1437 became effective. (Stats. 2018, ch. 1015.) That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony murder rule in cases of first and second degree murder and eliminated the natural and probable consequences liability for murder. (Stats. 2018, ch. 1015.) The bill also added section 1172.6, which creates a procedure for convicted persons who could not be convicted under the statutes as amended to retroactively obtain relief. (*Ibid.*)

As the result of the amendments brought about by Senate Bill No. 1437, persons who were not actual killers and did not act with the intent to kill cannot be held liable for murder unless they were major participants in the underlying felony and acted with reckless indifference to human life as defined in section 190.2, subdivision (d), the statute that defines special circumstance felony murder. (§ 189, subd. (c)(2); *People v. Gentile* (2020) 10 Cal.5th 830, 842;

In March 2021, defendant filed a petition for resentencing pursuant to section 1172.6 and the court appointed counsel for him. The trial court denied the petition on the grounds defendant had not made a prima facie showing of entitlement to relief because the jury found defendant had, with reckless indifference to human life and as a major

participant, aided, abetted, or assisted in the commission of a robbery that had resulted in the death of a human being.

## DISCUSSION

We agree with the parties that reversal of trial court's denial of defendant's resentencing petition with instructions to issue an order to show cause and hold a hearing pursuant to section 1172.6 is required.

After the trial court denied defendant's petition, the California Supreme Court issued its opinion in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). In that case, a jury had convicted a defendant of felony murder and found he had been a major participant who acted with reckless indifference to human life, special circumstances set forth in subdivision (e)(3) of section 189 in which a participant in certain felonies, including robbery, can be held liable for first degree murder. (*Strong, supra*, at pp. 703, 704.) After Senate Bill No. 1437 became effective, the defendant petitioned the trial court for resentencing relief pursuant to section 1172.6. (*Strong,* at p. 709.) He argued the special circumstances finding should not preclude him from making a prima facie showing of eligibility for relief because it was made before the Supreme Court provided substantial guidance on the meaning of "major participant" and "reckless indifference to human life" in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). (*Strong,* at p. 703.)

The California Supreme Court agreed. (*Strong, supra,* 13 Cal.5th at p. 703.) It held that neither a "major participant" finding made before *Banks* was decided nor a

4

"reckless indifference to human life" finding made prior to its opinion in *Clark* will defeat an otherwise valid prima facie section 1172.6 petition for resentencing. (*Strong, supra*, at p. 721.)

Here, the trial court found defendant's petition failed to state a prima facie case because the jury found he was a major participant and acted with reckless indifference to human life. The jury's findings were made in 1997, long before the Supreme Court's 2015 decision in *Banks* and its 2016 decision in *Clark*. Accordingly, we reverse the trial court's denial of defendant's petition.

## DISPOSITION

The judgment is reversed with directions to issue an order to show cause pursuant to subdivision (c) of section 1172.6 and thereafter hold a hearing pursuant to subdivision (d) of that section.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

MILLER

J.